UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2005 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUAN RICO DOSS & <br> JACQUAY QUINN FORD, <br><br> Defendants. | CR No. 05- 627 <br><br> I N D I C T M E N T <br><br> [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1591(a)(1): Sex Trafficking of Children; 18 U.S.C. § 2423(a): Transportation of Minors into Prostitution; 18 U.S.C. § 1594(b)(1) & 18 U.S.C. § 2253(a)(3): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A. OBJECT OF THE CONSPIRACY

Between on or about April 29, 2005 and on or about May 14, 2005, within the Central District of California, and elsewhere, defendants JUAN RICO DOSS and JACQUAY QUINN FORD, and others known and unknown to the Grand Jury, conspired and agreed with each other to (a) recruit, entice, harbor, transport, provide and obtain by any means minor females knowing that the minor females had not attained the age of 18 years and would be caused

TCS:tcs

ENTER ON ICMS

JUN 29 2005

FILED 2005 JUN 29 AM 12:12 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

to engage in commercial sex acts, in violation of Title 18, United States Code, Section 1591(a)(1); and to (b) knowingly transport individuals who have not attained the age of 18 years in interstate commerce with the intent that these individuals engage in prostitution, in violation of Title 18, United States Code, Section 2423(a).

B. <u>MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED</u>

The object of the conspiracy was to be accomplished, in substance, as follows:

1. Defendants JUAN RICO DOSS and JACQUAY QUINN FORD would recruit minor females to work as prostitutes for defendant JUAN RICO DOSS.

2. Defendant JUAN RICO DOSS would give the minor females instructions regarding how much to charge for certain sexual acts.

3. Defendant JUAN RICO DOSS would instruct the minor females that in the event they were arrested for prostitution, they were to provide a false name and a false date of birth which would make them appear at least eighteen years of age.

4. Defendant JUAN RICO DOSS would direct the minor females to recruit other females to work for him as prostitutes.

5. Defendant JUAN RICO DOSS would have sexual intercourse with the minor females.

6. Defendants JUAN RICO DOSS and JACQUAY QUINN FORD would drive the minor females to various "tracks," that is locations that were known for prostitution activity, in California and Nevada so that they could work as prostitutes.

7. Defendant JUAN RICO DOSS would collect the money the minor females earned for performing commercial sex acts.

8. When defendant JUAN RICO DOSS was unavailable, defendant JACQUAY QUINN FORD would collect the money the minor females earned for performing commercial sex acts.

C. OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendant JUAN RICO DOSS and JACQUAY QUINN FORD, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California and elsewhere, including but not limited to the following:

1. On or about April 29, 2005, defendants JUAN RICO DOSS and JACQUAY QUINN FORD drove T.S., a minor female, from Hollywood, California to Sacramento, California.

2. On or about April 29, 2005, defendant JUAN RICO DOSS instructed T.S. regarding how much to charge for various sex acts. Specifically, defendant JUAN RICO DOSS told T.S. that the rates she should charge in Hollywood, California, for example, were $150 for sexual intercourse and $75 for oral sex.

3. On or about April 29, 2005, defendant JUAN RICO DOSS instructed T.S. to drop the money she earned from performing sex acts on the ground so that he could retrieve it.

4. On or about April 29, 2005, defendant JUAN RICO DOSS instructed T.S. not to have sex with African-Americans, young Caucasians or young Mexicans.

5. On or about April 29, 2005, defendant JUAN RICO DOSS instructed T.S. that if she were arrested she should provide the

1  police with a fake name and a fake birth date which would make it
2  appear that she was at least eighteen years old.
3      6.   On or about April 30, 2005, defendant JUAN RICO DOSS
4  collected money from T.S. that she earned for performing sex acts
5  in Sacramento.
6      7.   On or about April 30, 2005, defendant JUAN RICO DOSS
7  drove T.S. from Sacramento, California to Reno, Nevada.
8      8.   Between on or about April 30, 2005 and May 3, 2005,
9  defendant JUAN RICO DOSS collected money from T.S. that she
10 earned performing sex acts for money in Reno, Nevada.
11     9.   On or about May 9, 2005, defendants JUAN RICO DOSS and
12 JACQUAY QUINN FORD picked up T.S. in Oakland, California and
13 drove her to "tracks" in San Francisco, California, back to
14 Oakland, California and then to Sacramento, California to work as
15 a prostitute.
16     10.  On or about May 9, 2005, defendant JUAN RICO DOSS
17 collected from T.S. the money she had earned working as a
18 prostitute in San Francisco, Sacramento, and Oakland, California.
19     11.  On or about May 10, 2005, defendant JACQUAY QUINN FORD
20 encouraged C.F., a minor female, to come work as a prostitute for
21 defendant JUAN RICO DOSS.
22     12.  On or about May 10, 2005, defendant JUAN RICO DOSS
23 picked C.F. up in Sacramento, California.
24     13.  On or about May 10, 2005 and on or about May 11, 2005,
25 defendant JUAN RICO DOSS engaged in sexual intercourse with C.F.
26     14.  Between on or about April 29, 2005 and May 12, 2005,
27 defendant JUAN RICO DOSS engaged in sexual intercourse with T.S.
28     15.  On or about May 10, 2005, defendant JUAN RICO DOSS

instructed C.F. regarding how much to charge for various sex acts.

16. On or about May 10, 2005, defendant JUAN RICO DOSS instructed C.F. that she should provide a false name and a false date of birth if she was stopped by the police when she was working as a prostitute.

17. On or about May 10, 2005, defendants JUAN RICO DOSS and JACQUAY QUINN FORD drove T.S. and C.F. to a track in San Francisco, California to work as prostitutes.

18. On or about May 10, 2005, defendant JUAN RICO DOSS collected money from T.S. that she had earned working as a prostitute in San Francisco.

19. On or about May 10, 2005, defendant JUAN RICO DOSS collected $80 from C.F. that she had earned working as a prostitute in San Francisco.

20. On or about May 10, 2005, defendant JUAN RICO DOSS and JACQUAY QUINN FORD drove T.S. and C.F. from San Francisco, California to Reno, Nevada.

21. On or about May 11, 2005, defendant JUAN RICO DOSS drove C.F. to a track in Reno, Nevada to work as a prostitute.

22. On or about May 11, 2005, defendant JUAN RICO DOSS collected money from C.F. that she had earned performing sex acts in Reno, Nevada.

23. On or about May 11, 2005, defendants JUAN RICO DOSS and JACQUAY QUINN FORD drove T.S. and C.F. from Reno, Nevada to Sacramento, California.

24. On or about May 12, 2005, defendants JUAN RICO DOSS and JACQUAY QUINN FORD drove T.S. and C.F. from Sacramento,

1  California to Hollywood, California to work as prostitutes.

2      25. On or about May 12, 2005, defendant JUAN RICO DOSS
3  collected $320 from C.F. that she had earned working as a
4  prostitute in Hollywood, California.

5      26. On or about May 12, 2005, defendant JUAN RICO DOSS took
6  T.S. to a track in Hollywood, California to work as a prostitute.

7      27. On or about May 12, 2005, defendant JACQUAY QUINN FORD
8  collected money from T.S. that she had earned working as a
9  prostitute in Hollywood, California.

10     28. Between on or about April 29, 2005 and May 13, 2005,
11 defendant JACQUAY QUINN FORD provided T.S. with condoms to use
12 when she worked as a prostitute.

13     29. On or about May 13, 2005, defendant JACQUAY QUINN FORD
14 collected money from T.S. that she had earned working as a
15 prostitute that day.

COUNT TWO

[18 U.S.C. § 1591(a)(1)]

From on or about April 29, 2005, until on or about May 12, 2005, in Los Angeles County, within the Central District of California and elsewhere, defendant JUAN RICO DOSS knowingly, in and affecting interstate commerce, did recruit, entice, harbor transport, provide, and obtain by any means T.S., knowing that force, fraud and coercion would be used to cause T.S. to engage in commercial sex acts; and knowing that T.S. had not attained the age of 18 years and would be caused to engage in a commercial sex act.

## COUNT THREE

[18 U.S.C. § 1591(a)(1)]

From on or about April 29, 2005, until on or about May 14, 2005, in Los Angeles County, within the Central District of California and elsewhere, defendant JACQUAY QUINN FORD knowingly, in and affecting interstate commerce, did recruit, entice, harbor transport, provide, and obtain by any means T.S., knowing that T.S. had not attained the age of 18 years and would be caused to engage in a commercial sex act.

COUNT FOUR

[18 U.S.C. § 1591(a)(1)]

From on or about May 10, 2005, until on or about May 12, 2005, in Los Angeles County, within the Central District of California and elsewhere, defendants JUAN RICO DOSS and JACQUAY QUINN FORD knowingly, in and affecting interstate commerce, did recruit, entice, harbor, transport, provide, and obtain by any means C.F., knowing that C.F. had not attained the age of 18 years and would be caused to engage in a commercial sex act.

## COUNT FIVE

[18 U.S.C. § 2423(a)]

Between on or about April 30, 2005 and May 4, 2005, in Los Angeles County, within the Central District of California and elsewhere, defendants JUAN RICO DOSS and JACQUAY QUINN FORD, did knowingly and willfully transport T.S., who had not attained the age of 18 years, in interstate commerce, from the State of California to the State of Nevada, with the intent that T.S. would engage in prostitution and other sexual activity for which a person could be charged with a criminal offense.

COUNT SIX

[18 U.S.C. § 2423(a)]

On or about May 11, 2005, in Los Angeles County, within the Central District of California and elsewhere, defendants JUAN RICO DOSS and JACQUAY QUINN FORD, did knowingly and willfully transport T.S., who had not attained the age of 18 years, in interstate commerce, from the State of Nevada to the State of California, with the intent that T.S. would engage in prostitution and other sexual activity for which a person could be charged with a criminal offense.

COUNT SEVEN

[18 U.S.C. § 2423(a)]

On or about May 11, 2005, in Los Angeles County, within the Central District of California and elsewhere, defendants JUAN RICO DOSS and JACQUAY QUINN FORD, did knowingly and willfully transport C.F., who had not attained the age of 18 years, in interstate commerce, from the State of Nevada to the State of California, with the intent that C.F. would engage in prostitution and other sexual activity for which a person could be charged with a criminal offense.

## COUNT EIGHT

[18 U.S.C. § 1594(b)(1)]

Upon conviction of one or more of the offenses alleged in Counts Two and Three of this Indictment, defendants JUAN RICO DOSS and JACQUAY QUINN FORD shall forfeit to the United States, pursuant to 18 U.S.C. § 1594(b)(1), all of said defendants' interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation, including but not limited to the following:

        One 2000 Dodge Durango, California license number 4RRV065, VIN # 1B4HS28N7YF105035.

COUNT NINE

[18 U.S.C. § 2253(a)(3)]

Upon conviction of the offense alleged in Count Five of this Indictment, defendants JUAN RICO DOSS and JACQUAY QUINN FORD shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a)(3), any property, real or personal, used or intended to be used to commit or promote the commission of such offense, including but not limited to the following:

    One 2000 Dodge Durango, California license number 4RRV065, VIN # 1B4HS28N7YF105035.

If the above-described forfeitable property, as a result of any act or omission of the defendants, or either of them:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third party;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 2253(o), to seek forfeiture of any other property of said

//
//
//
//
//
//
//

defendants up to the value of the forfeitable property described above.

                                      A TRUE BILL

                                      _____
                                      Foreperson

DEBRA WONG YANG
United States Attorney

*[signature]*

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division