1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   ELIZABETH R. YANG (Cal. Bar No. 196461)
4  Assistant United States Attorney
   Violent & Organized Crime Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California  90012
        Telephone: (213) 894-1785
7       Facsimile: (213) 894-3713
        E-mail: elizabeth.yang@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10
                  UNITED STATES DISTRICT COURT
11
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
12
   UNITED STATES OF AMERICA,    )    No. CR 05-627(B)-ABC
13                              )
                Plaintiff,      )    GOVERNMENT'S OPPOSITION
14                              )    TO DEFENDANT'S MOTION
           v.                   )    TO RECONSIDER DENIAL OF
15                              )    MOTION TO DISMISS SENTENCING
   JUAN RICO DOSS,              )    ENHANCEMENTS; MEMORANDUM
16                              )    OF POINTS AND AUTHORITIES;
                Defendant.      )    EXHIBITS
17                              )
                                )    Hearing Date: Sept. 19, 2011
18 _____)    Hearing Time: 11:00 a.m.

19

20      Plaintiff, United States of America, by and through its

21 attorney of record, Assistant United States Attorney Elizabeth R.

22 Yang, hereby files its opposition to the motion of defendant Juan

23 Rico Doss to reconsider the Court's Order denying his motion to

24 dismiss the mandatory life imprisonment sentence enhancement

25 charged pursuant to 18 U.S.C. § 3559(e) in Counts Four, Five, and

26 Six of the Second Superseding Indictment in the above-captioned

27 case.  (CR 492, 494).

28 ///

The government's opposition is based upon the attached memorandum of points and authorities and exhibits, the files and records of this case at both the district and appellate court level, and any further argument that the Court may wish to consider at the hearing on defendant's motion.

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

DATE: August 29, 2011          */s/ Elizabeth R. Yang*
ELIZABETH R. YANG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

## TABLE OF CONTENTS

PAGE

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . 1

II.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   Defendant's Motion For Reconsideration
        Fails To Comply With Local Rule 7-18
        And Should Be Denied. . . . . . . . . . . . . . . . 1

    B.   The Indictment Sufficiently Alleges The
        Sentence-Enhancing Facts of 18 U.S.C.
        § 3559(e)(1). . . . . . . . . . . . . . . . . . . . 4

        1.   The indictment is valid on its face . . . . . . .5

        2.   Because the indictment is valid on
            its face, defendant cannot challenge
            it on the ground that there was inadequate
            evidence before the Grand Jury . . . . . . . . . 8

        3.   The Court applied the proper standard
            in analyzing the sufficiency of the
            indictment . . . . . . . . . . . . . . . . . . . 9

    C.   Double Jeopardy Has Not Attached To Bar
        A Sentencing Re-Trial . . . . . . . . . . . . . . .12

    D.   Contrary To Defendant's Claim, This Court
        Did Rule On His *Ex Post Facto* Claim . . . . . . . .13

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . .14

Table of Authorities

Exhibits

i

**TABLE OF AUTHORITIES**

PAGE(S)

**Federal Cases:**

Costello v. United States,
     350 U.S. 359 (1956) . . . . . . . . . . . . . . .4, 8, 9

Graves v. Arpaio,
     623 F.3d 1043 (9th Cir. 2010) . . . . . . . . . . . 13

Holt v. United States,
     218 U.S. 245 (1910) . . . . . . . . . . . . . . . .8

Nijhawan v. Holder,
     __ U.S. __, 129 S. Ct. 2294 (2009) . . . . . . . . 9

United States v. Berger,
     473 F.3d 1080 (9th Cir. 2007) . . . . . . . . . . 5, 7

United States v. Calandra,
     414 U.S. 338 (1974) . . . . . . . . . . . . . . . 3, 8

United States v. Doss,
     630 F.3d 1181 (9th Cir. 2011) . . . . . . . . . 11, 13

United States v. James,
     980 F.2d 1314 (9th Cir. 1992) . . . . . . . . . .6, 11

United States v. Salazar-Lopez,
     506 F.3d 748 (9th Cir. 2007) . . . . . . . . . . .11

United States v. Velasco-Medina,
     305 F.3d 839 (9th Cir. 2002) . . . . . . . . . .passim

**Federal Statutes:**

18 U.S.C. § 3559(e) . . . . . . . . . . . . . . . . .passim

**Local Rules:**

Rule 7-18 . . . . . . . . . . . . . . . . . . . . . . 2

ii

1 | **MEMORANDUM OF POINTS AND AUTHORITIES**

2 | **I.   INTRODUCTION**

3 |     In his Motion to Reconsider this Court's June 15, 2011,

4 | Order denying his Motion to Dismiss Sentencing Enhancements,

5 | defendant Juan Rico Doss ("defendant") asserts that the Court

6 | erred in determining that the Second Superseding Indictment in

7 | this case "sufficiently alleged, and gave notice, that the

8 | government would prove any Nevada-conviction victim's age as

9 | being under 17."  (Def.'s Mot. at 3).  As support for this claim,

10 | defendant cites to a post-hearing filing made by the government,

11 | in which the government corrected the record by advising that the

12 | Grand Jury was not presented with evidence of the specific ages

13 | of the victims of defendant's prior Nevada sex conviction.

14 | According to defendant, this correction changes the legal

15 | analysis underlying the Court's ruling and entitles him to

16 | reconsideration.  As set forth below, defendant is not entitled

17 | to the relief he seeks and the Court should deny his Motion to

18 | Reconsider.

19 | **II.   ARGUMENT**

20 | A.   <u>Defendant's Motion For Reconsideration Fails To Comply With Local Rule 7-18 And Should Be Denied</u>

21 |

22 |     To be entitled to reconsideration, defendant must

23 | demonstrate "a material difference in fact or law from that

24 | presented to the Court before such decision that in the exercise

25 | of reasonable diligence could not have been known to the party

26 | moving for reconsideration at the time of such decision," "the

27 | emergence of new material facts or a change of law occurring

28 |

after the time of such decision," or "a manifest showing of a failure to consider material facts presented to the Court before such decision."  See Local Rule 7-18.  In the instant case, defendant asserts that he is entitled to reconsideration based on a post-hearing filing made by the government.  (CR 490).  Because defendant cannot demonstrate that the information contained in the filing presents "a material difference in fact," is a "new material fact," or that the Court failed to consider it prior to issuing its Order,[1] defendant is not entitled to reconsideration.

As noted above, "materiality" is central to the analysis of whether defendant is entitled to reconsideration.  Defendant must therefore demonstrate that the fact that the Grand Jury was not provided with the certified conviction documents of defendant's prior Nevada sex conviction for pandering of a child -- including a charging document which listed one of the victim's ages as 16

---

[1]  Defendant incorrectly states that the government filed its "Correction of Record re: Hearing on Defendant's Motion to Dismiss Sentence Enhancement" on June 16, 2011.  (Def.'s Mot. at 4).  In fact, the government filed the Correction the same day as the hearing on defendant's Motion to Dismiss and within hours of the conclusion of the hearing.  (See "lodged" stamped copy of first page of "Correction of Record," attached hereto as Ex. A, noting date and time of filing as "2011 Jun 15 PM 2:40").  The government also promptly provided both the Court and defense counsel with courtesy copies.  The Court's final order, dated June 15, 2011, was not electronically filed and provided to the parties until the next day, June 16, 2011, at 12:26 p.m. (See Notice of Electronic Filing, attached hereto as Ex. B).

2

1  -- is a "material fact" and/or that this Court failed to consider
2  this fact in rendering its decision.  Defendant cannot do so
3  because even assuming that the failure to present the certified
4  conviction documents to the Grand Jury had the significance
5  attributed to it by defendant, it would not demonstrate that the
6  Court erred in finding that the indictment sufficiently alleged
7  the sentence-enhancing facts of 18 U.S.C. § 3559(e).  In other
8  words, it would not change the fact that the indictment alleged
9  defendant's prior conviction in Nevada for "pandering of a child"
10 and specifically cited 18 U.S.C. § 3559(e)(1), which requires
11 that defendant's prior sex conviction must have involved a
12 "minor" as the victim and defines "minor" as "an individual
13 who has not attained the age of 17 years" in subsection
14 3559(e)(2)(D).  Whether the Grand Jury was or was not presented
15 with adequate evidence that any of the victims of defendant's
16 prior sex conviction were minors[2] does not affect this analysis
17 as it is well settled that facially valid indictments are not
18 open to challenge on the ground that they are not supported by

---

20 [2]  As noted in the government's "Correction of Record," an
21 agent did specifically testify that defendant had sustained a
   prior conviction for "pandering of a child," in violation of
   Nevada Revised Statute 201.300(a), on or about December 21st,
22 1999, in the District Court, Clark County, Nevada, in Case
   Number C160330, and that she was aware of this fact based on
23 her review of a certified copy of that conviction.  The Grand
24 Jury was thus presented with evidence that the prior
   conviction involved "a child" and the adequacy of that
25 evidence is not open to challenge.  See United States v.
   Calandra, 414 U.S. 338, 345 (1974).

3

1  adequate or competent evidence.  See Costello v. United States,

2  350 U.S. 359, 363 (1956) ("An indictment returned by a legally

3  constituted and unbiased grand jury, . . . , if valid on its

4  face, is enough to call for trial of the charge on the merits.

5  The Fifth Amendment requires nothing more.").

6      Moreover, based on the sequence of events set forth in

7  footnote 1, defendant cannot demonstrate that the Court failed to

8  consider the government's filing before issuing its final order.

9  Accordingly, the Court should deny defendant's Motion to

10 Reconsider on this basis alone.

11     B.   The Indictment Sufficiently Alleges The Sentence-
            Enhancing Facts of 18 U.S.C. § 3559(e)(1)[3]
12
13     Defendant next argues that because the Grand Jury "never

14 heard evidence about the Nevada-conviction victim's ages," his

15 Fifth Amendment right to indictment by an independent grand jury

16 is infringed, he did not have adequate notice that the victims'

17 ages would be at issue, and he will be prejudiced if the Court

18 does not dismiss the Section 3559(e) sentencing enhancements.

19 (Def.'s Mot at 5-11).  Defendant's arguments rest on the faulty

20 premise that the indictment is not valid on its face and that the

21 Court can and should go behind the face of the indictment and

22     [3]  Because defendant raised most of the same arguments in
23 his Motion to Dismiss, to which the government filed an
   opposition, the government will not repeat its arguments in
24 this opposition.  Instead, the government hereby incorporates
   as if fully set forth herein the relevant discussions
25 contained in the government's Opposition to defendant's
   original Motion to Dismiss.  (CR 482).

26
                                 4
27

28

conduct an inquiry into the type and adequacy of the evidence
presented to the Grand Jury.  Defendant is mistaken and the
Court's Order denying his Motion to Dismiss should stand.

        1.   The indictment is valid on its face

Contrary to defendant's assertion, in finding that the
indictment adequately informed defendant of the elements of the
charge against him, the Court did not "substitute[] the
government's intent to charge the enhancements" with the charging
of the enhancements themselves.  (Def.'s Mot. at 7).  The
enhancements are in fact charged in each of Counts 4, 5, and 6.
See CR 248 (each count charging that defendant had previously
been convicted on "two counts of pandering of a child" and
specifically citing to 18 U.S.C. § 3559(e)(1)).  As the Court
correctly noted, "[a] common-sense reading of these allegations
together yields but one inference: the government was alleging
that the minor involved in the Nevada conviction was under 17
years old."  (CR 487 at 7); see also United States v. Berger, 473
F.3d 1080, 1103 (9th Cir. 2007) (holding that an indictment
"should be read in its entirety, construed according to common
sense, and interpreted to include facts which are necessarily
implied") (citation omitted).  This determination did not
infringe on defendant's right to indictment by a grand jury.

Moreover, defendant's claim that "the indictment on its face
did not tell [him] that the government would try to prove that
the Nevada-conviction victims were under age 17" and he could not

therefore be expected to know that the government intended to
offer proof as to age is belied by the record.  (Def.'s Mot. at
7-8).  First, it is undisputed that in order for the Section
3559(e) enhancement to apply, the government must prove that
defendant has "a prior sex conviction" in which a "minor"
(defined in the statute as "an individual who has not attained
the age of 17 years") was the victim.  See 18 U.S.C.
§ 3559(e)(1).  The citation to 18 U.S.C. § 3559(e)(1) in Counts
4, 5, and 6 necessarily incorporates and gives defendant notice
of the requirements and definitions set forth in Section
3559(e)(1), including the definition of "minor."  See, e.g.,
United States v. James, 980 F.2d 1314, 1318 (9th Cir. 1992)
(upholding indictment which omitted jurisdictional fact that the
defendant was an Indian because "the necessary elements of the
crime appear[ed] in the indictment by reference to the relevant
statutes, thereby adequately informing [the defendant] of the
elements of the charge against him").

Second, as the record demonstrates, prior to his sentencing
trial, the government provided evidence -- including birth
certificates and admissions made by defendant to his Nevada
probation officer that two of his victims were under the age of
17 -- that would have conclusively established that defendant's
prior Nevada sex conviction involved victims who were under the
age of 17.  The parties also engaged in extensive pre-trial
litigation about the appropriate legal framework in which to

1 analyze defendant's qualification for the Section 3559(e)

2 enhancement, what the government would have to prove to merit

3 application of the enhancement, and the types of documents and

4 evidence that the Court could consider.  See, e.g., Gov't Opp'n

5 to Def.'s Mot for Judgment of Acquittal re: Def.'s Prior

6 Conviction.  (CR 358).  In that litigation, the government noted

7 that it was prepared to introduce direct evidence establishing

8 the age of two of the victims of defendant's prior Nevada sex

9 conviction.  (CR 358 at 8-9; see also 10/4/06 RT 24).  Thus,

10 contrary to defendant's current claim, defendant was well aware

11 that the government intended to offer proof as to the victims'

12 ages, and he therefore could in fact "be expected to know . . .

13 that he would have to defend against proof of this claim."

14 (Def.'s Mot. at 8).  That the government was not ultimately

15 allowed to offer such evidence upon the Court's adoption of the

16 modified categorical approach (as urged by defendant) does not

17 compel a different conclusion.

18     The indictment is therefore valid on its face and when "read

19 in its entirety, construed according to common sense, and

20 interpreted to include facts which are necessarily implied,"[4]

21 gives defendant adequate notice of the Section 3559(e)

22 enhancement.  The Court therefore correctly denied defendant's

23

24 _____

25 [4]  United States v. Berger, 473 F.3d 1080, 1103 (9th Cir.
2007) (citation omitted).

26

                                    7

27

28

1  Motion to Dismiss and should similarly deny defendant's Motion to

2  Reconsider.

3          2.   <u>Because the indictment is valid on its face,
              defendant cannot challenge it on the ground that</u>

4             <u>there was inadequate evidence before the Grand
              Jury</u>

5

6       As noted above, it is well settled that a defendant is not

7  allowed to challenge the inadequacy or incompetency of the

   evidence upon which a grand jury bases its indictment.  <u>See</u>

8  <u>Costello v. United States</u>, 350 U.S. 359, 363 (1956); <u>see also</u>

9  <u>United States v. Calandra</u>, 414 U.S. 338, 345 (1974) ("[A]n

10 indictment valid on its face is not subject to challenge on the

11 ground that the grand jury acted on the basis of inadequate or

12 incompetent evidence.") (citation omitted); <u>Holt v. United</u>

13 <u>States</u>, 218 U.S. 245, 247–48 (1910) (refusing to dismiss an

14 indictment because "there was very little evidence against the

15 accused" besides "admissions . . . obtained under circumstances

16 that made them incompetent")).  As the Supreme Court explained in

17 <u>Calandra</u>, this is because a grand jury's use of inadequate or

18 incompetent evidence "involve[s] no independent governmental

19 invasion of one's person, house, papers, or effects, but rather

20 the usual abridgment of personal privacy common to all grand jury

21 questioning."  <u>Id.</u> at 354 (discussing in the Fourth Amendment

22 context).  It thus "presents a question, not of rights, but of

23 remedies," and the Supreme Court has determined that the regular

24 operation of generally applicable rules of procedure and evidence

25

26                              8

27

28

1  at trial is the appropriate remedy.  <u>Id.</u>  Accordingly,

2  indictments are generally not open to challenge on the ground

3  that there was inadequate evidence before the grand jury if the

4  indictment is valid on its face.  For the reasons stated above,

5  as well as in the government's Opposition to defendant's original

6  Motion to Dismiss (CR 482), the indictment in this case is valid

7  on its face.  As such, it is "enough to call for trial of the

8  charge on the merits.  The Fifth Amendment requires nothing

9  more."  <u>Costello</u>, 350 U.S. at 363.  Defendant's oft-repeated

10 citation to the lack of adequate evidence of the victims' ages

11 before the Grand Jury is therefore unavailing.

12       3.   <u>The Court applied the proper standard in analyzing
              the sufficiency of the indictment</u>

13

14      Defendant next asserts that the Court erred in analyzing the

15 indictment under the standard for post-trial objections, arguing

   that he "did not know that the <u>Nijhawan</u> standard applied [and
16
   therefore] could not know that the indictment was subject to
17
   attack pre-trial."  (Def.'s Mot. at 8).  While it is true that
18
   <u>Nijhawan v. Holder</u>, ___ U.S. ___, 129 S. Ct. 2294 (2009), did not
19
   issue until approximately two years after the conclusion of
20
   defendant's case in the district court, the question of whether
21
   or not the additional fact "in which a minor is the victim" is an
22
   element of the prior conviction was not unknown to defendant at
23
   the time of his first sentencing trial, and he could have, but
24
   chose not to, challenge the indictment at that time.  His failure
25

26                                9

27

28

1  to do so renders the Court's application of the <u>Velasco/Medina</u>

2  standard appropriate.

3      As the record demonstrates, prior to defendant's sentencing

4  trial, the parties engaged in pre-trial litigation over the

5  Section 3559(e) enhancement.  <u>See, e.g.</u>, Def.'s Mot. for Judgment

6  of Acquittal re Def.'s Prior Conviction Qualifying Him for

7  Mandatory Life Sentence (CR 347); Def.'s Mot. to Dismiss

8  Sentencing Enhancement Portion of the Case (CR 349); Gov't Opp'n

9  to Def.'s Mot. for Judgment of Acquittal (CR 358); Gov't Opp'n to

10  Def.'s Mot. to Dismiss (CR 357).  During the course of that

11  litigation, the government noted that:

12      "Section 3559(e)(1) . . . also requires an additional
        fact that arguably is not subsumed within the fact of
13      conviction – that is, that the fact a minor, defined as
        an individual who has not attained the age of 17 years,
14      was the victim of the prior crime.  Because that fact,
        if outside of <u>Almendarez-Torres</u>'s exception, would need
15      to be proved beyond a reasonable doubt, for the sake of
        simplicity, and because the government's evidence is
16      sufficient under any standard, the government agreed to
        a trial on the issue and is prepared to prove that
17      defendant has sustained 'a prior sex conviction in
        which a minor was the victim' beyond a reasonable doubt."
18
   (CR 358 at 5-6, n.1).[5]  The government then went on to oppose
19
   defendant's request that the Court limit its analysis to the
20
   modified categorical approach, arguing that the language of
21  _____

22      [5]  In its trial memorandum filed approximately three months
23  before the sentencing trial, the government notified the
    Court and defendant of this same issue and advised that it
24  intended to introduce direct evidence to establish that two
    of the victims of defendant's prior Nevada sex conviction
25  were 16 and 14 years old, respectively, at the time.  (CR 346
    at 3, n.1, 8).
26
                                    10
27

28

1   Section 3559(e) as well as its legislative history suggested that
2   Congress intended a sentencing court to look to the facts
3   underlying the prior conviction to determine if the victim was a
4   minor (CR 358 at 11-13), i.e. "the specific circumstances of that
5   conviction to determine whether it involved a minor." United
6   States v. Doss, 630 F.3d 1181, 1197 (9th Cir. 2011).  Defendant
7   was thus on notice that the government intended to prove that the
8   victims were under the age of 17 and that this fact implicated
9   Apprendi.  Defendant did not, however, object to the indictment
10  for failure to sufficiently allege this Apprendi fact.  Thus,
11  "[i]n that sense, [defendant's] case is [not so] very different
12  from United States v. Velasco-Medina, 305 F.3d 839 (9th Cir.
13  2002), United States v. Salazar-Lopez, 506 F.3d 748 (9th Cir.
14  2007), and United States v. James, 980 F.2d 1314 (9th Cir.
15  1992)[.]" (Def.'s Mot. at 9).

16      Defendant's resort to the fact that "the sentencing-trial
17  record here is devoid of evidence about the 'circumstance-
18  specific' fact" also does not distinguish his case from Velasco-
19  Medina, Salazar-Lopez, and James.  (Def.'s Mot. at 9).  As the
20  record clearly demonstrates, the government had ample evidence of
21  the Nevada victims' ages in hand prior to the sentencing trial --
22  including certified birth certificates and admissions by
23  defendant to his Nevada probation officer, would have offered
24  them into evidence if allowed, and would have undoubtedly been
25  able to meet its burden of proof.  This is therefore not a case
26
27
28

where the government, when presented with the opportunity to present proof, simply failed to present any proof or presented insufficient proof.  Accordingly, the Court properly reviewed the indictment under the "more liberal standard" of <u>Velasco-Medina</u>.

C.   <u>Double Jeopardy Has Not Attached To Bar A Sentencing Re-Trial</u>

The government hereby incorporates as if fully set forth herein its arguments in response to defendant's double jeopardy claims as set forth at pages 10-13 of the government's Opposition to defendant's original Motion to Dismiss.  (CR 482).  In addition, the government submits that defendant was not "functionally acquitted" of the Section 3559(e) sentencing enhancement nor was the evidence "insufficient . . . to establish [the age of the Nevada victims]" as asserted by defendant.  (Def.'s Mot. at 13).  Rather, as this Court correctly recognized, the government was "prevented . . . from introducing evidence of the victims' ages underlying the Nevada conviction in order to satisfy <u>Apprendi</u>" and "[a]s a result, there was never any determination under <u>Apprendi</u> whether the evidence showed beyond a reasonable doubt that § 3559(e)(1) applied and Defendant was not 'acquitted' for double jeopardy purposes."  (CR 487 at 9).  Thus, contrary to defendant's claim, there was no failure of proof or presentment of insufficient evidence on the issue of the age of defendant's victims -- the government was not given the opportunity to present any direct evidence of the victims' ages.

1  The Ninth Circuit similarly recognized this, ruling that "the

2  fairest approach would be to remand . . . for a new sentencing

3  proceeding" in which the district court could consider "any

4  competent evidence" as to the victims' ages.  <u>Doss</u>, 630 F.3d at

5  1197, 1198 n.11.  This Court should therefore reject defendant's

6  double jeopardy claim for a second time.

7        D.   <u>Contrary To Defendant's Claim, This Court Did Rule On</u>
             <u>His *Ex Post Facto* Claim</u>
8
9        As his final argument, defendant claims that this Court

10 treated his <u>ex post facto</u> claim as untimely and "decline[d] to

11 rule on it."  (Def.'s Mot. at 14).  Defendant is incorrect.

12 Although the Court did find that defendant's claim was waived,[6]

13 it went on to consider the claim and ruled that "the contention

14 is foreclosed by Ninth Circuit precedent."  (CR 487 at 5, n.3)

15 (citing Ninth Circuit cases).  The Court should therefore reject

16 defendant's attempt to have the Court revisit his <u>ex post facto</u>

17 claim.

18

19

20 _____

21 [6] Defendant is incorrect that he could not have raised his
   <u>ex post facto</u> argument until after reviewing the government's
22 opposition.  (Def.'s Mot. at 14).  As defendant himself
   concedes, he anticipated "the position that the government
23 ultimately did take in its Opposition" as among the
   government's possible responses.  (<u>Id.</u>).  Nothing prevented
24 him from prospectively asserting his <u>ex post facto</u> argument
   and thus, the Court could have properly declined to rule on
25 it.  <u>See</u> <u>Graves v. Arpaio</u>, 623 F.3d 1043, 1048 (9th Cir.
   2010).

26
                              13
27

28

1                         **III.   CONCLUSION**

2        For the reasons stated herein, defendant's Motion to

3   Reconsider should be denied in its entirety.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                  14
27

28