ANDRÉ BIROTTE, JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ELIZABETH R. YANG (Cal. Bar No. 196461)
JEAN-CLAUDE ANDRÉ (Cal. Bar No. 213538)
Assistant United States Attorneys
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-1785/0705
    Facsimile: (213) 894-3713/8513
    E-mail:  elizabeth.yang@usdoj.gov
            jean-claude.andre@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JUAN RICO DOSS,<br><br>        Defendant. | No. CR 05-627(B)-ABC<br><br>GOVERNMENT'S SENTENCING TRIAL MEMORANDUM<br><br>[18 U.S.C. § 3559(e)(1): Mandatory Life Imprisonment For Repeated Sex Offenses Against Children]<br><br>Trial Date: November 1, 2011<br>Trial Time: 8:30 a.m. |

### I. STATUS OF CASE

    A.  Sentencing trial is scheduled for November 1, 2011 at 8:30 a.m. before the Honorable Audrey B. Collins, Chief United States District Judge.

    B.  Estimated time for the government's case-in-chief is less than ½ a day.

    C.  Defendant is in custody.

    D.  Trial by jury has not been waived.

E.   The government anticipates calling approximately five witnesses in its case-in-chief.

F.   The Section 3559(e)(1) sentencing enhancement is alleged in Counts Four, Five, and Six of the Second Superseding Indictment.

G.   A copy of the full set of exhibits[1] originally submitted prior to defendant's first sentencing proceeding is attached hereto. Consistent with the parties' approach in this case, the names and other personal identifying information of the victims of defendant's prior Nevada conviction will be redacted from the non-public documents to reflect only their first names and the first initial of their last names.

## II.   **SUMMARY OF THE CASE**

This matter is on remand from the Ninth Circuit for re-sentencing on Counts Four, Five, and Six of the Second Superseding Indictment. United States v. Doss, 630 F.3d 1181, 1198 (9th Cir. 2011). A jury trial is set on the issue of whether defendant's prior sex conviction for Pandering of a Child, in violation of Nevada Revised Statute § 201.300(a), in the District Court, Clark County, Nevada, in case number C160330, on or about December 21, 1999, involved a minor as defined under 18 U.S.C. § 3559(e)(2)(D). Id. at 1197-98. Out of an abundance of caution, the government also intends to prove the fact that defendant has sustained this prior sex conviction beyond a reasonable doubt to the jury.

---

[1] The government is not attaching a copy of Exhibit 17, which is the preliminary hearing transcript in the Nevada case, due to the voluminous nature of the document. A copy will, however, be included in the Court's bench book for trial.

2

## III. **EVIDENTIARY ISSUES**

A. DOCUMENTS AND RECORDS

    1. Public Records

        a. Certified court documents and transcripts

Statements contained in certified court documents and transcripts are admissible evidence and fall within the hearsay exceptions contained in Fed. R. Evid. 803(8). Certified copies of these documents are self-authenticating under Fed. R. Evid. 902(4) and present no Confrontation Clause issue. See United States v. Weiland, 420 F.3d 1062, 1077 (9th Cir. 2005) ("[A] routine certification by the custodian of a domestic public record . . . and a routine attestation to authority and signature . . . are not testimonial in nature.").

The government will seek to introduce in evidence various certified court documents from The State of Nevada v. Juan Rico Doss, Case No. C160300.

        b. Birth certificates

Statements contained in birth certificates are admissible evidence and fall within the hearsay exceptions contained in Fed. R. Evid. 803(9) and Fed. R. Evid. 803(12). Certified copies of these documents are self-authenticating under Fed. R. Evid. 902(4) and present no Confrontation Clause issue. See Weiland, 420 F.3d at 1077.

The government will seek to introduce in evidence certified copies of the birth certificates of two of the minor victims of defendant's prior sex conviction, Alea D. and Zena C., who were 16 and 14 years old, respectively, at the time of the offense conduct that resulted in defendant's Nevada conviction.

        c.   <u>Booking records</u>

Booking records of the defendant are admissible as public records under Fed. R. Evid. 803(8) and present no confrontation clause problem. <u>See</u> <u>Weiland</u>, 420 F.3d at 1074-76 ("[F]ingerprinting and photographing a suspect ... are the types of routine and unambiguous matters to which the public records hearsay exception in Rule 803(8)(B) is designed to apply. . . . [T]he records of conviction and the information contained therein, the fingerprints, and the photograph, it is undisputed that public records, such as judgements, are not themselves testimonial in nature and that these records do not fall within the prohibition established by the Supreme Court in <u>Crawford</u>"); <u>United States v. Gilbert</u>, 774 F.2d 962, 965 (9th Cir. 1985) ("The routine act of reporting a latent print on an object is no different from inventorying items seized; it is ministerial, objective, and nonevaluative").

Nor is biographical information contained on booking records problematic because such information is "no different than a birth certificate or any other public record which constitutes the routine cataloguing of an unambiguous factual matter" and is not testimonial. <u>United States v. Bahena-Cardenas</u>, 411 F.3d 1067, 1075 (9th Cir. 2005); <u>see also</u> <u>United States v. Caraballo</u>, 595 F.3d 1214, 1226-29 (11th Cir. 2010) (holding that biographical information such as name, date of birth, country of citizenship, and information whether the entrant had an immigration visa contained in a Record of Deportable/Inadmissible Alien Form was not testimonial for purposes of <u>Crawford</u> even after <u>Melendez-Diaz</u> since the "primary

purpose . . . was to elicit routine biographical information that is required of every foreign entrant for proper administration of our immigration laws and policies").

The government will seek to introduce records from defendant's booking in both his Nevada state and federal cases as public records.

### 2. Business Records

Alternatively, the government will seek to introduce records from defendant's booking in both his Nevada state and federal cases as business records.

Fed. R. Evid. 803(6) excepts from the hearsay rule business records maintained in the course of regularly conducted activities. For business records to be admissible under Federal Rule of Evidence 803(6), the following foundational facts must be established through the custodian of records or another qualified witness: (1) the records must have been made or transmitted by a person with knowledge at or near the time of the incident recorded; and (2) the records must have been kept in the course of a regularly conducted business activity. United States v. Bland, 961 F.2d 123, 126-28 (9th Cir. 1992); United States v. Ray, 930 F.2d 1368, 1371 (9th Cir. 1991).

In determining whether the requisite foundational facts are established, the trial court may consider hearsay and other evidence not admissible at trial. See Fed. R. Evid. 104(a), 1101(d)(1); Bourjaily v. United States, 483 U.S. 171, 178-79 (1987).

The requisite foundational facts may be established either through a custodian of records or "other qualified witness,"

namely, someone who understands the record keeping system.  The qualified witness need not have personally participated in the creation of the document or to have been employed by, or related to, the entity to whom the records belong; a federal agent or an independent witness may be a qualified witness for records seized from a company.  United States v. Ray, 930 F.2d 1368, 1370 (9th Cir. 1991) (welfare fraud investigator may testify about contents of defendant's welfare file where investigator was familiar with filing and reporting requirements and forms used, even though she did not record information and was not custodian); United States v. Miller, 771 F.2d 1219, 1237 (9th Cir. 1985) (where documents are stored in computer, computer programmer need not testify; foundation for computer printout may be established by anyone who has knowledge of the particular record system even if unfamiliar with distinctions between "menus," "databases" and computer "code"); United States v. Franco, 874 F.2d 1136, 1139-40 (7th Cir. 1989) (narcotics agent qualified to testify about record-keeping practices of a money-exchange for purposes of Rule 803(6)); United States v. Hathawav, 798 F.2d 902, 905-07 (6th Cir. 1986) (FBI agent could provide foundation testimony for admission of company records under Rule 803(6)); United States v. Draiman, 784 F.2d 248, 256 (7th Cir. 1986) (accountant who was not an employee of the company  whose accounts were at issue may testify as to the preparation of the company's accounts).

     Rule 803(6) represents a firmly rooted hearsay exception and, therefore, admission of evidence under the rule does not violate the Confrontation Clause.  Ohio v. Roberts, 448 U.S. 56,

66 & n. 8 (1980); <u>United States v. Ray</u>, 930 F.2d 1368, 1371 (9th Cir. 1991).

A business record may contain erasures or be incomplete and questions as to the accuracy of business records generally go to the weight, rather than the admissibility, of the evidence. <u>United States v. Catabran</u>, 836 F.2d 453, 458  (9th Cir. 1988) (citing <u>United States v. Hudson</u>, 479 F.2d 251, 254 (9th Cir. 1972)); <u>United States v. Bland</u>, 961 F.2d 123, 126  (9th Cir. 1992).

Under Rule 803(6), "[t]here is no requirement that the government establish when and by whom the documents were prepared." <u>United States v. Ray</u>, 930 F.2d 1368, 1370 (9th Cir. 1991); <u>United States v. Huber</u>, 772 F.2d 585, 591 (9th Cir. 1985).

Rule 803(6) does not require that the business rely on the document in a specific way; the rule merely requires that the record be "kept in the course of regularly conducted business activity." <u>See United States v. Catabran</u>, 836 F.2d 453, 458 (9th Cir. 1988) (citing <u>United States v. Miller</u>, 771 F.2d 1219, 1237 (9th Cir. 1985)); <u>United States v. Smith</u>, 609 F.2d 1294, 1301 (9th Cir. 1979).

3. <u>Authenticity of Documents</u>

Fed. R. Evid. 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

Rule 901(a) only requires the government to make a <u>prima facie</u> showing of authenticity or identification "so that a

reasonable jury could find in favor of authenticity or identification." <u>United States v. Chu Kong Yin</u>, 935 F.2d 990, 996 (9th Cir. 1991); <u>United States v. Blackwood</u>, 878 F.2d 1200, 1202 (9th Cir. 1989); <u>United States v. Black</u>, 767 F.2d 1334, 1342 (9th Cir. 1985). Once the government meets this burden, "the credibility or probative force of the evidence offered is, ultimately, an issue for the jury." <u>Black</u>, 767 F.2d at 1342.

Proof of the connection of a document to a defendant may be proven by circumstantial or direct evidence. <u>United States v. Natale</u>, 526 F.2d 1160, 1173 (2d Cir. 1975). The documents need not have been signed by the defendant nor examined by handwriting expert. The prosecution need only prove a rational basis from which the jury may conclude that the exhibits did, in fact, belong to the defendant. Fed. R. Evid. 901; <u>Blackwood</u>, 878 F.2d at 1202 (government need make only a <u>prima facie</u> showing of authenticity so that a reasonable juror could find in favor of authenticity. Once this burden is met, the probative force of the evidence is a jury issue. <u>United States v. Blackwell</u>, 694 F.2d 1325, 1330 (D.C. 1982).

4. <u>Duplicates</u>

A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original, or (2) under the circumstances, it would be unfair to admit the duplicate instead of the original. Fed. R. Evid. 1003; <u>United States v. Smith</u>, 893 F.2d 1573, 1579 (9th Cir. 1990); <u>United States v. Leal</u>, 509 F.2d 122, 125-26 (9th Cir. 1975); <u>United States v. Pacheco-Lovio</u>, 463 F.2d 232, 233-34 (9th Cir. 1972).

B. PARTY ADMISSIONS

Under the Federal Rules of Evidence, a defendant's statement is admissible only if offered against him; a defendant may not elicit his own prior out-of-court statements. Fed. R. Evid. 801(d)(2)(A); United States v. Nakai, 413 F.3d 1019, 1022 (9th Cir. 2005) (recognizing that exculpatory out-of-court statements that a defendant makes to a witness constitute inadmissible hearsay) (citing Williamson v. United States, 512 U.S. 594, 598-601 (1994)); United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988).

The government intends to elicit witness testimony that defendant made statements of identity as well as statements acknowledging that he knew the four victims of his prior sex conviction were 14, 16, 17, and 17 years old, respectively.

## IV. CONCLUSION

The government seeks leave to file such supplemental memoranda as may be necessary.

DATED: October 17, 2011

Respectfully submitted,

ANDRÉ BIROTTE, JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

   /s/ Elizabeth R. Yang
ELIZABETH R. YANG
JEAN-CLAUDE ANDRÉ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

9